UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.T. CHARLTON & ASSOCIATES,
INC., a Michigan corporation,

       Plaintiff,                         CIVIL ACTION NO. 11-13479

       v.                                DISTRICT JUDGE BERNARD A. FRIEDMAN

THULE, INC., a Massachusetts       MAGISTRATE JUDGE MARK A. RANDON
corporation, and John Does,
unknown individuals,

       Defendants.
_____/

**ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION
TO COMPEL A RULE 30(B)(6) DEPOSITION AND FOR SANCTIONS (DKT. NO. 25)**

       Before the Court is Plaintiff C.T. Charlton and Associates, Inc.'s Motion to Compel Rule 30(b)(6) Witness(es) to Prepare for Deposition and to Testify and for Sanctions (Dkt. No. 25). The Court has reviewed this motion, Defendant Thule, Inc.'s response and Plaintiff's reply thereto. The Court also heard oral argument on May 10, 2012, and has read the deposition of Mark Thomas Cohen (the CFO for Thule's Vehicle solutions North American Business) in its entirety. Having reviewed Cohen's deposition transcript, the Court is satisfied that – with the exception of the limited areas set forth below – Mr. Cohen complied with his obligation to both prepare for and answer questions under oath on behalf of Thule, Inc. relative to Plaintiff's Complaint allegations. Therefore,

IT IS ORDERED that on or **before June 1, 2012**, Mr. Cohen on behalf of Defendant shall prepare for – and respond under oath in writing to Plaintiff – regarding the following issues raised at his February 2, 2012 deposition:

1. Identify the companies (listed on Deposition Exhibit 1) that continued to supply Thule after the asset purchase transaction (involving TracRac). Dep. p. 12:21-25.

2. Indicate (providing names, if any) whether anybody at Thule looked at the Charlton & Associates Sales Representation Agreement with TracRac before the Asset purchase transaction. Dep. p. 42:1-4.

3. Indicate (providing names, if any) whether anyone at Thule discussed commissions that Charlton might be claiming were due. Dep. p. 48: 16-19.

4. Indicate whether Fred Clark knew the amounts Charlton might be claiming in commissions due. Dep. p. 55:5-7.

If Mr. Cohen provides any names in response to items number 2 or 3, or answers "yes" to item 4, then Plaintiff – at its expense – may re-depose Mr. Cohen to follow-up on these three issues only for not more than one (1) hour.

IT IS FURTHER ORDERED that Plaintiff's motion for sanctions is DENIED.

                                                    s/Mark A. Randon
                                                    MARK A. RANDON
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: May 14, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 14, 2012, by electronic and/or first class U.S. mail.*

> *s/Melody R. Miles*
> *Case Manager to Magistrate Judge Mark A. Randon*
> *(313) 234-5542*