UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.T. CHARLTON & ASSOCIATES, INC.,

       Plaintiff,                             Case No. 11-cv-13479
                                                     HON. BERNARD A. FRIEDMAN
vs.                                               MAG. JUDGE MARK A. RANDON

THULE, INC., et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL A RULE 30(B)(6) DEPOSITION AND FOR SANCTIONS**

      Plaintiff commenced this action against defendants for unpaid commissions stemming from a breach of contract after defendant Thule purchased the assets of the breaching non-party. This matter is before the Court on plaintiff's objection to Magistrate Judge Randon's May 14, 2012 order [docket entries 37 and 39]. The order granted in part and denied in part plaintiff's motion to compel a Federal Rule of Civil Procedure ("FRCP") 30(B)(6) deposition. The order also implicitly denied the branch of plaintiff's motion seeking to impose sanctions pursuant to FRCP 37(d). Defendants have not filed a response.

      A district court may modify or set aside any part of a magistrate judge's order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see Bell v. Ameritech Sickness & Accident Disability Benefit Plan, 399 F. App'x. 991, 997 n.5 (6th Cir. 2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

1

United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see Hagaman v. Comm'r of Internal Revenue, 958 F.2d 684, 690 (6th Cir. 1992).

With respect to whether an order is "contrary to law," the United States Supreme Court has stated that "[t]he word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams v. Taylor, 529 U.S. 362, 405 (2000)(quoting Webster's Third New International Dictionary 495 (1976)). In other words, the Court may reject a magistrate judge's nondispositive determinations if it decides that those determinations are against the law or the opposite of what is required by the law.

Pursuant to the foregoing standard of review, the Court finds that the Magistrate Judge's order was not clearly erroneous nor contrary to law as to any of the issues decided. The Magistrate Judge appropriately tailored the relief granted in his order to effectuate an expeditious and cost-efficient mean of obtaining the requested information. Furthermore, plaintiff failed to demonstrate that sanctions were warranted under FRCP 37(d).

As the Court has reviewed the record, and finds that Magistrate Judge Randon reached the correct conclusion for the proper reasons, the order is neither clearly erroneous nor contrary to law.

Accordingly,

IT IS ORDERED that the Magistrate Judge's order is affirmed.

IT IS FURTHER ORDERED that plaintiff's objections are denied.

Dated: July 5, 2012           s/Bernard A. Friedman
                                     BERNARD A. FRIEDMAN
                                     SENIOR UNITED STATES DISTRICT JUDGE